IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DELORES JANE KOVACIC, et al., | ) | CASE NO.: 1:06 CV 2357 |
|  | ) |  |
| Plaintiffs, | ) | JUDGE O'MALLEY |
|  | ) | MAGISTRATE JUDGE VECCHIARELLI |
| -VS- | ) |  |
|  | ) |  |
| TYCO VALVES & CONTROLS, L.P., et al. | ) | **DEFENDANTS' MOTION *IN LIMINE* TO** |
|  | ) | **EXCLUDE PLAINTIFFS' ECONOMIC** |
| Defendants. | ) | **EXPERT** |
|  | ) |  |
|  | ) |  |

Defendants, Tyco Valves & Controls, LP and Kunkle Valve, Division of Tyco International (US) Inc., (collectively referred to as "Tyco"), by counsel, request that this Court enter an Order precluding Plaintiffs from introducing an economic expert. This Motion is made pursuant to this Court's Trial Order, the Federal Rules of Civil Procedure, and related case law. Plaintiffs have failed to disclose the identity or opinions of an economic expert and therefore any economic expert must be excluded. A Memorandum in Support is attached and incorporated by reference.

Respectfully submitted,

*/s/ Adam C. Stacy*
CHRISTINA J. MARSHALL (0069963)
JONATHAN M. MENUEZ (0064972)
ADAM C. STACY (79684)
Sutter, O'Connell & Farchione Co., LPA
3600 Erieview Tower
1310 East 9th Street
Cleveland, Ohio 44114
Phone: (216) 928-2200
Fax: (216) 928-4400
Email:  cmarshall@sutter-law.com
         jmenuez@sutter-law.com
         astacy@sutter-law.com
Attorneys for Defendants
Tyco Valves & Controls, L.P., and
Kunkle Valve, Division of Tyco
International (US) Inc.

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DELORES JANE KOVACIC, et al., | ) | CASE NO.: 1:06 CV 2357 |
| | ) | |
| Plaintiffs, | ) | JUDGE O'MALLEY |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| -VS- | ) | |
| | ) | |
| TYCO VALVES & CONTROLS, L.P., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE PLAINTIFFS' ECONOMIC EXPERT**

I.      **Factual Background**

This is a product liability case that arises out of an explosion involving a steam tractor engine that occurred at the Medina County Fairground in 2001.  This case was re-filed on September 28, 2006 in the Northern District of Ohio.  The trial is scheduled to begin December 8, 2009.  The Plaintiffs have alleged that Tyco defectively manufactured and/or designed a safety valve that was installed on a steam engine tractor.

It is anticipated that Plaintiffs may attempt to call an economic expert at trial.  During discovery, Plaintiffs' counsel mentioned the possibility of identifying an expert economist.  *See, correspondence attached hereto as Exhibit "A"*.  However, since that time, Plaintiffs have failed to identify any such witness.  In the event Plaintiffs attempt to introduce such a witness, his testimony must be excluded.

II.     **Law and Argument**

It is anticipated that Plaintiffs may attempt to introduce the testimony of an economic expert at trial.  However, Plaintiffs have failed to identify any economic expert within the Court's

2

deadline.  On June 12, 2009, Judge Kathleen O'Malley filed a Trial Order which outlines the duties of the parties in preparation for trial.  *See, generally, Trial Order, attached hereto as Exhibit "B".*  Pursuant to Section Three of the Trial Order, each party shall provide a witness list to opposing counsel and the Court no later than twenty-one (21) days prior to the final pretrial.  *Id.*  The final pretrial is scheduled for November 24, 2009.  *Id.*  Therefore, Plaintiffs had to identify all of their witnesses no later than November 3, 2009.

Further, Fed.R.Civ.Pro. 26(a)(2)(A) mandates that a party disclose to the opposing party the identity of any witness it may call as an expert at trial.  In addition, an expert disclosure must be accompanied by a written report.  Fed.R.Civ.Pro. 26(a)(2)(B).

Not only have Plaintiffs failed to disclose any economic expert within the deadline established by the Court, Plaintiffs have failed to identify the specific individual they intend to call.  Plaintiffs have likewise failed to produce a report for any economic expert.  The purpose of discovery is to prevent unfair surprise.  *Phillips v. State* (Ind. 1990), 550 N.E.2d 1299.  Defendants would be subjected to unfair surprise if Plaintiffs, after several years of litigation, were now permitted to introduce an economic expert that was never previously disclosed.  To allow such testimony at trial would result in substantial prejudice to Defendants because they would not have deposed this individual and would not otherwise be fully prepared to address his opinions.  Further, allowing this testimony would not allow Defendants the opportunity to obtain their own expert to rebut Plaintiffs' expert's testimony, if necessary.

Therefore the appropriate remedy for Plaintiffs' failure to identify their expert witnesses is to preclude such an individual from testifying.  Federal Rule of Civil Procedure 37(c)(1) explicitly states that this testimony must be excluded from trial:

> **If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial,** unless the failure was substantially justified or is harmless.

Fed.R.Civ.Pro. 37(c)(1)(emphasis added). Plaintiffs had a duty to disclose their expert witnesses pursuant to Fed.R.Civ.Pro. 26(a). As this information has never been disclosed to Defendants, the appropriate remedy is exclusion from trial.

In fact, "[t]he Sixth Circuit has characterized the 'typical' case where expert testimony is excluded as involving situations where the opposing party did not know 'who was going to testify [or] to what they were going to testify." *River City Capital LLP v. Clermont County Board of Commissioners*, 2004 WL 5496272 (S.D.Ohio), *citing Roberts ex rel Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 783 (6th Cir.2003). In this case, Defendants have no knowledge as to who Plaintiffs will call or what that individual will testify about. Plaintiffs have had over three years to identify and produce the report of such an expert, but have failed to do so. As such, in the event Plaintiffs attempt to introduce an economic expert to testify at trial, this testimony must be excluded.

## III. Conclusion

Plaintiffs have failed to provide the identity or report of any economic expert. The Court's Trial Order, the Federal Rules of Civil Procedure and case law mandate that such an expert be disclosed prior to trial. As Plaintiffs have failed to identify any economic expert, Defendants request that that such testimony be excluded.

Respectfully submitted,

*/s/ Adam C. Stacy*
CHRISTINA J. MARSHALL (0069963)
JONATHAN M. MENUEZ (0064972)
ADAM C. STACY (79684)
Sutter, O'Connell & Farchione Co., LPA
3600 Erieview Tower
1310 East 9th Street
Cleveland, Ohio 44114
Phone: (216) 928-2200
Fax: (216) 928-4400
Email: cmarshall@sutter-law.com

4

jmenuez@sutter-law.com
astacy@sutter-law.com

Attorneys for Defendants
Tyco Valves & Controls, L.P., and
Kunkle Valve, Division of Tyco
International (US) Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/ Adam C. Stacy
CHRISTINA J. MARSHALL (0069963)
JONATHAN M. MENUEZ (0064972)
ADAM C. STACY (79684)

5