UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DELORES JANE KOVACIC, et al.,** | : | Case No. 06-CV-2357 |
| **Plaintiffs,** | : | |
| | : | JUDGE KATHLEEN M. O'MALLEY |
| v. | : | |
| **TYCO VALVES & CONTROLS, L.P., et al.,** | : | **MEMORANDUM & ORDER** |
| **Defendants.** | : | |

## I. INTRODUCTION

On June 12, 2009, the Court issued a Trial Order (Doc. 31) setting this case for trial on December 8, 2009. The Trial Order also sets the Final Pre-Trial Conference for November 24, 2009 and includes a detailed schedule of deadlines for all pre-trial filings. The Plaintiffs, however, have failed to comply with the deadlines set forth in the Trial Order, and, although the Court gave the Plaintiffs' counsel an opportunity to explain the reasons for these failings, he did not provide an explanation sufficient to excuse the failure to adhere to the rules and orders of this Court. Accordingly, for the reasons described further below, this case is hereby **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with Court rules and orders.

## II. BACKGROUND

### A. THE TRIAL ORDER

This case was filed on September 28, 2006. (Doc. 1.) It is a product liability case arising from the explosion of a steam engine at the Medina County, Ohio fairgrounds in 2001 that killed five people and injured forty-seven. At issue is whether the Defendants' product, a safety valve situated

within the steam engine, was defective and caused the fatal explosion.

A Case Management Conference was held shortly thereafter – in December of 2006 – and the Court issued a Case Management Plan setting forth discovery deadlines and establishing a schedule for the case going forward. (Doc. 6.) Almost three years later, after mediation failed and the parties requested and received multiple extensions of time for discovery,[1] the Court issued a Trial Order on April 2, 2009 setting the case for trial on June 29, 2009. (Doc. 27.) The parties jointly moved for a further extension of discovery deadlines and to postpone the trial until in or after August of 2009. (Doc. 28.) The Court granted the joint motion and, after conferencing with parties to find a mutually agreeable trial date, issued the now-operative Trial Order re-scheduling the trial to its present date, December 8, 2009. (Doc. 31.) Although the Court would have preferred to conduct the trial in the summer months, it postponed the trial in part to accommodate Plaintiffs' counsel's work and travel schedule. Accordingly, all of the pertinent dates in the Trial Order have been established for over four months now, and both parties had ample notice of each and every one of their pre-trial obligations.[2]

### B. THE DEFENDANTS' UNOPPOSED *DAUBERT* MOTION & MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT

The first pre-trial deadline in the Trial Order relates to motions in limine to exclude expert testimony pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). (Doc. 31 at 6.) On October 13, 2009, the Defendants timely filed a *Daubert* motion to exclude the Plaintiffs'

---

[1] The parties attributed the delays in the discovery process primarily to problems posed by the need for destructive testing of the product at issue. The Court ruled on each successive motion for an extension of the discovery deadline within days of its filing.

[2] As noted below, this includes a blatant and continuing failure to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

liability expert, Michael Clemens. The Defendants contend that Clemens' expert report does not satisfy the requirements of *Daubert* or Rule 26(a)(2) of the Federal Rules of Civil Procedure relating to expert testimony, and the Plaintiffs had not yet facilitated his deposition. (Defendants' *Daubert* Motion, Doc. 33.) The Trial Order also expressly states that the deadline for filing responses in opposition to *Daubert* motions is seven days after the filing deadline, in this case, October 20, 2009. (Doc. 31 at 6, 9.) On November 10, 2009, however, three weeks after the deadline for filing a response in opposition to the Defendants' *Daubert* Motion had passed, the Plaintiffs had not filed anything. In fact, as of November 10th, the docket reflected no activity from the Plaintiffs since July 31, 2009.

On November 6, 2009, the Defendants filed a Motion for Leave to File Motion for Summary Judgment Instanter. (Doc. 36, Motion for Leave.) In their Motion for Leave, the Defendants argue that the Plaintiffs' cannot prevail on their claims because of a lack of competent expert testimony regarding causation. In other words, they argue that, for the reasons stated in their *Daubert* Motion, Clemens cannot provide expert testimony in support of the Plaintiffs' claim that the Defendants' product caused the harm, and, therefore, the Plaintiffs cannot satisfy an essential element of their claims.[3]

### C. TELEPHONE STATUS CONFERENCE NOVEMBER 10, 2009

Faced with an unopposed *Daubert* motion to exclude the Plaintiffs' liability expert -- an expert witness essential to the Plaintiffs' case -- the Court *sua sponte* scheduled a telephone status conference on November 10, 2009 to allow Plaintiffs' counsel an opportunity to explain his failure

---

[3] The Plaintiffs have not filed a response to the Defendants' Motion for Leave. Under the local rules, the Plaintiffs would have fifteen days to file their response in opposition, making the brief due in several days.

-3-

to oppose the Defendants *Daubert* Motion, as well as his failure to file a witness and exhibit list as required by the Trial Order. (Doc. 44, Minutes of Nov. 10, 2009 Tele. Status Conf.) Counsel for both parties appeared by telephone and discussed the circumstances of the Plaintiffs' failure to file a timely witness list, exhibit list, and response to the Defendants' *Daubert* Motion. In particular, the Court asked Plaintiffs' counsel to explain why the case should not be dismissed for failure to prosecute and to comply with the Court's rules and orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiffs' counsel could not explain why he did not file a response in opposition to the Defendants *Daubert* Motion, except to say that he had been out of the country during the latter weeks of October and, when he returned to find the motion pending, he decided that the "first order of business" was to contact Defense counsel to schedule Clemens' deposition. He stated that he spoke to Defense counsel during the first week of November, and they agreed upon alternative dates to depose Clemens.[4] Plaintiffs' counsel explained that, in light of the impending deposition, he did not think a response to the *Daubert* motion would be necessary. In addition, he asserted that he had informed the Defendants months earlier that Clemens did not intend to provide a supplemental report, and that the attorneys had discussed the substantive nature of Clemens' opinion 00 i.e., that he thought the subject valve was defective. Ultimately, Plaintiffs' counsel argued that his failure to file a response should be excused because he understood his discussions with Defense counsel to constitute a waiver of any obligation to adhere to the Court-imposed deadlines regarding expert discovery and *Daubert* motions, despite the fact that he did not seek or receive leave from the Court

---

[4] They agreed to depose Clemens on November 18th or December 1st, depending on Defense counsel's trial schedule in another case.

to ignore these deadlines.[5]

With respect to the failure to file timely witness and exhibits lists, Plaintiffs' counsel reiterated that he had been out of the country in October, but could not offer an excuse of any kind.

Based on this discussion, the Court ordered the Plaintiffs to file a response in opposition to the Defendants' *Daubert* Motion and a witness and exhibits list by the end of the following day, and ordered the Defendants' counsel to provide the Court with a written explanation of the communications between the parties regarding expert depositions, particularly whether they waived the right to pursue their *Daubert* motion to exclude Clemens' testimony at any time during their discussions. The Court expressly noted, however, that its decision to allow the Plaintiffs to file an untimely response and witness and exhibit list did not excuse the failure to comply with the Court's Trial Order. (Doc. 44.)

Both parties complied with the Court's order. On November 11, 2009, the Plaintiffs filed a response in opposition to the Defendants' *Daubert* Motion, a Witness List, and an Exhibits List. (Docs. 42, 43.) The Defendants emailed the Court explaining that they had never intended to waive the right to challenge the admissibility of Clemens' testimony and had not discussed the substance of Clemens' testimony with Plaintiffs' counsel, or had ever had the basis of his opinions explained to them.

After reviewing the parties' submissions, the Court issued a non-document order on November 13, 2009 requiring the Defendants to file a reply in support of their *Daubert* Motion on or before Monday, November 16, 2009. The Court specifically instructed the Defendants to

---

[5] Plaintiffs' counsel was careful to note that he was not asserting that Defense counsel expressly waived the right to file or pursue their *Daubert* Motion, or withdrew it after scheduling Clemens' deposition. Plaintiffs' counsel stated that he believed this approach was implicit in the communications between the attorneys.

"address, in particular, the nature and extent of the correspondence between the attorneys regarding all expert reports and depositions." The Defendants timely filed their reply, which reiterates that they never waived any rights to challenge the admissibility of Clemens' expert testimony and did not discuss the substantive basis of his opinions with Plaintiffs' counsel. (Doc. 45.)

### D. THE DEFENDANTS' OTHER TIMELY FILINGS ON NOVEMBER 10, 2009

November 10th was also the deadline for filing proposed voir dire, a trial brief, and other motions in limine. (Trial Order at 2, 6, 9.) The Defendants timely filed their Proposed Voir Dire (Doc. 37), Trial Brief (Doc. 38), Motion in Limine to Preclude Plaintiffs from Calling Any Witness or Presenting Any Exhibits (Doc. 39), Motion in Limine to Exclude Plaintiffs' Economic Expert (Doc. 40), and Motion in Limine to Exclude Evidence Concerning Plaintiff Elizabeth Kovacic's Medical Claim (Doc. 41).

The Plaintiffs did not file anything on November 10th. In fact, to date, the Plaintiffs have not filed their proposed voir dire or trial brief.

### E. PENDING MOTIONS

Several motions are now pending before the Court. First and foremost are the Defendants' *Daubert* Motion to exclude Clemens' testimony (Doc. 33) and motion in limine to preclude the Plaintiffs from calling any witnesses or presenting any exhibits in light of their failure to timely file a witness list and exhibit list (Doc. 39). Also pending are the Defendants' motion for leave to file a motion for summary judgment (Doc. 36), motion in limine to exclude Plaintiffs' economic expert on the grounds that the Plaintiffs have not disclosed the identity or opinions of an economic expert (Doc. 40), and motion in limine to exclude evidence concerning Plaintiff Elizabeth Kovacic's medical claim (Doc. 41).

## III. DISCUSSION

The Plaintiffs' failure to file a timely brief in opposition to the Defendants' *Daubert* Motion, witness list, and exhibit list, or to provide a persuasive explanation for these failings, is fatal to the Plaintiffs' case. The Court's rules and orders and the Civil Rules must be enforced in order to serve their essential purpose – i.e., ensuring a fair and just adjudication of all matters litigated before the Court.

### A. THE DEFENDANTS' *DAUBERT* MOTION IS UNOPPOSED AND WELL-TAKEN

The Plaintiffs expert, Michael Clemens, submitted an expert report essentially consisting of the conclusion that the safety valve at issue "can have" a design "or" manufacturing defect. (Clemens Report, Doc. 33-1.) The Defendants' timely filed their *Daubert* Motion to exclude Clemens expert trial testimony on a number of grounds (including the convincing argument that it does not take an expert to say that a safety valve "can have" one of two possible defects). Most importantly, however, they noted that Clemens expert report does not disclose the basis of his opinions, making it impossible for the Defendants and the Court to assess the reliability of his opinions as required by *Daubert* and Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Rule 26(a)(2)(B) states that the expert "report shall contain a complete statement of all opinions to be expressed <u>and the basis and reasons therefor</u>[.]" Clemens' report patently fails to satisfy this requirement. Accordingly, assuming the Defendants' *Daubert* Motion is unopposed because the Plaintiffs failed to timely file a response in opposition, move the Court for an extension of time to respond to the motion, or even inform the Court of their intention to depose Clemens instead of

-7-

oppose the *Daubert* Motion,[6] that motion is **GRANTED** and Clemens may not offer expert testimony at trial.[7]

### B. THE DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE PLAINTIFFS FROM CALLING ANY WITNESSES OR PRESENTING ANY EXHIBITS IS WELL-TAKEN

In addition to failing to respond to the Defendants' *Daubert* Motion, the Plaintiffs failed to timely file a witness list and exhibits list. As the Defendants point out in their Motion in Limine to Preclude Plaintiffs from Calling Any Witnesses or Presenting Any Exhibits (Doc. 39), Rules 26(a)(3) and 37(c)(1) of the Federal Rules of Civil Procedure direct the Court to exclude witnesses and exhibits from trial unless they are identified prior to trial in a timely manner as instructed by the

---

[6] It is worth reiterating that the Court initiated the telephone conference on November 10th to discuss the Plaintiffs failure to comply with the pre-trial deadlines, and ordered the Plaintiffs to file their response in opposition to the Defendants' *Daubert* Motion. Absent the Court's intervention, it appears the Plaintiffs would not have filed a response at all. That response, moreover, surprisingly does not contain a supplemental report from Clemens expressing or explaining any firm opinions regarding the liability issues in the case. These facts, coupled with the Court's express reservation of its authority to treat the Defendants' *Daubert* Motion as unopposed, further supports the Court's decision to enforce the Court's Trial Order and the Civil Rules, both of which are designed to facilitate fair, just, and efficient case management and must be enforced to serve their fundamental purpose.

[7] The Defendants' *Daubert* Motion, moreover, is well-taken even if the Court excuses the fact that the Plaintiffs filed their response in opposition approximately three weeks after the deadline established in June by the Trial Order and only after being ordered to do so by the Court. Simply put, the Plaintiffs' do not contest the argument that the Clemens' report does not set forth the basis of his expert opinion as required by Rule 26. Further, although the Plaintiffs assert that taking Clemens' deposition would cure any deficiencies in his report, the parties' briefs and submissions indicate that the Defendants have been attempting to schedule Clemens' deposition for months. The Plaintiffs point out that Plaintiffs' counsel treated the deposition as "the first order of business" upon returning to the country at the end of October and that the deposition is now scheduled to occur on December 1, 2009. The Defendants, however, argue that conducting the key deposition one week before trial is unfair, especially given the deadlines established by the Trial Order in June and their repeated efforts to schedule the deposition prior to October, efforts to which Plaintiffs' counsel largely did not even respond. This argument is persuasive, and the Court finds that, even if it ignores the untimeliness of the Plaintiffs' response in opposition and considers their arguments, the Defendants' *Daubert* Motion is still well-taken.

Court. Here, the Court clearly and expressly instructed the parties to identify the witnesses they intended to call and the exhibits they intended to present by November 3, 2009. (Trial Order at 3, 5, 9.) In fact, the Court's Trial Order expressly reiterates the Rule 37(c)(1) penalty as follows: "No witness will be permitted to testify at trial if his or her name is not provided to opposing counsel at this time." (*Id*. at 3.) In spite of these rules and admonitions, the Plaintiffs did not file their witness lists until specifically instructed to do so by the Court on November 10th, a week after the deadline.[8] Accordingly, pursuant to Rule 37(c)(1), the Court is compelled to **GRANT** the Defendants' Motion in Limine to Preclude Plaintiffs from Calling Any Witness or Presenting Any Exhibits (Doc. 39).

    C.    **THIS CASE IS DISMISSED PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

In light of the above rulings, the Plaintiffs do not have a case to present to a jury on December 8th. In other words, the Plaintiffs have failed to prosecute their case as a result of their failure to comply with the Court's Trial Order and the Civil Rules.

It is well-established that a district court may dismiss a case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with the Court's orders and rules, or the civil rules. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Jones v. Warden of Correction Corp. of Am.*, No. 06cv42, 2006 WL 2107068, at *1 (E.D. Tenn. July

---

[8] The Court is forced to speculate whether the Plaintiffs would have filed their witness and exhibits lists without prompting from the Court. Like the Plaintiffs' failure to arrange for the timely deposition of their expert, the fact that they could have later identified their witnesses and exhibits does not excuse the fact that they ignored the deadlines for doing so. Again, allowing parties to ignore deadlines defeats the purpose of deadlines and undermines the judicial process on a fundamental level.

26, 2006) ("Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases.") (citing *Jourdan*, 951 F.2d at 109).[9]

The Sixth Circuit considers four non-dispositive factors in evaluating dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (quoting *Knoll v. Am. Tel. & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999)).  These factors clearly indicate that Rule 41(b) dismissal for failure to prosecute is appropriate under the particular circumstances of this case.

First, Plaintiffs' counsel admitted that he consciously chose not to oppose the Defendants' *Daubert* Motion, opting instead to pursue the issue outside of the context of the Court's Trial Order without informing the Court or seeking leave.  In addition, Plaintiffs' counsel could not articulate any reason for his failure to file witness and exhibits lists.

Second, the Plaintiffs failed to fully resolve the issue of Clemens' expert testimony according to the expert discovery schedule established in the Trial Order, or even according to the alternative schedule the Defendants agreed to.  This prejudices the Defendants, who are now forced to prepare

---

[9] Further, a district court's decision to dismiss a case for failure to prosecute or comply with a court order falls squarely within its discretionary authority and, as such, is reviewed for abuse of discretion.  *See Great Lakes Exploration Group, LLC v. Unidentified Wreckage*, 522 F.3d 682, 687 (6th Cir. 2008) ("We review the dismissal of a complaint for failure to comply with a court order under the abuse-of-discretion standard, and will reverse the district court's ruling only if we have a definite and firm conviction that it has committed a clear error of judgment.") (citing *Link*, 370 U.S. 626).

to defend their case at trial without a complete understanding of the nature of the Plaintiffs' key liability expert witness' opinions and the basis thereof.

Third, the Court did not simply dismiss this case when the Plaintiffs failed to comply with the deadlines in the Trial Order. Instead, it initiated a telephone status conference *sua sponte* to give Plaintiffs' counsel an opportunity to explain his approach, and then ordered the Plaintiffs to file a written explanation as well in the form of a response in opposition to the Defendants' *Daubert* Motion (Doc. 43).

Furthermore, since the November 10, 2009 telephone conference, the Plaintiffs have continued to miss filing deadlines. Specifically, their proposed voir dire and trial brief are now a week overdue.

Lastly, the Court finds that less drastic sanctions are not appropriate under the particular circumstances of this case, in which the Plaintiffs' conduct prevents them from effectively prosecuting their case from either of two perspectives. That is, even if they had submitted their witness and exhibits lists on time, which they did not, they nonetheless failed to satisfy the requirements for introducing expert testimony on the key issue of liability and then failed to oppose the Defendants' *Daubert* Motion to that effect. Accordingly, the only less drastic remedy that would be fair to the Defendants would be to further delay the trial in this case – which has already been pending for over three years -- to allow the parties to depose Clemens and fully analyze his qualifications, opinions, and the basis of those opinions. While the Court recognizes that this approach would avoid dismissal on procedural grounds, it would also undermine the effect of the Court's Orders and the Civil Rules. Our judicial system depends on these procedural rules to allow the Court to facilitate fair and just resolution of disputes submitted to the Court.

Plaintiffs' counsel could have taken a variety of steps to avoid this result – for example, the Court routinely grants reasonable motions for extensions of time to file, and did so on numerous occasions in this case. He did not seek any such extensions. The Court cannot allow attorneys to litigate outside the confines of its orders and the Civil Rules and expect the Court to just follow along. This is a recipe for chaos. At a certain point, the rules have to mean something.

Accordingly, this case is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### IV.     CONCLUSION

For the foregoing reasons, the Defendants' *Daubert* Motion (Doc. 33) is **GRANTED**, the Defendants' Motion in Limine to Preclude Plaintiffs from Calling Any Witness or Presenting Any Exhibits (Doc. 39) is **GRANTED**, and this case is **DISMISSED** with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

> **s/Kathleen M. O'Malley**
> **KATHLEEN McDONALD O'MALLEY**
> **UNITED STATES DISTRICT JUDGE**

Dated: November 17, 2009